670 F.2d 71
 27 Fair Empl.Prac.Cas. 1433,
28 Empl. Prac. Dec. P 32,410
Martha Frances FRANKS, et al., Plaintiffs-Appellees,
Martha Ann Thweatt, Irene Mills, Joyce Massengill, Barbara
Murnin, Betty Stone, Ann T. Armstrong and Olivia Chapman,
individually and on behalf of all others similarly situated,
Plaintiffs-Movant Appellants,
v.
The KROGER COMPANY, Defendant-Appellee.
 No. 79-1009.
 United States Court of Appeals,
Sixth Circuit.
 Argued Dec. 10, 1981.
Decided Feb. 2, 1982.
 
 Thomas M. Daniel, Ratner, Sugarmon, Lucas & Henderson, Memphis, Tenn., for plaintiffs-movant appellants.
 J. Mack Swigert, L. J. Barty, Taft, Stettinius & Hollister, Cincinnati, Ohio, James S. Johns, Cincinnati, Ohio, J. Edward Wise, Armstrong, Allen, Braden, Goodman, McBride & Prewitt, Memphis, Tenn., Mayo L. Coiner, Cecil C. Humphrey School of Law, Memphis State University, Memphis, Tenn., for appellees.
 Before KEITH and MERRITT, Circuit Judges, and GUY, District Judge.*
 PER CURIAM.
 
 
 1
 This is the second time we have considered this employment discrimination class action case. On June 1, 1981, this panel issued an opinion reversing the District Court's decision to adopt a proposed settlement agreement submitted by the parties. Franks v. Kroger Co., 649 F.2d 1216 (6th Cir. 1981). Subsequently, we discovered that the original arguments before this court, in which the appellants (proposed intervenors-objectors to the settlement) and the defendant appellee Kroger were heard, were held without notice to the named plaintiffs in this class action. Consequently, we vacated our original opinion and granted the motion to rehear. Upon rehearing the case we are now satisfied that our original concerns with the settlement agreement should not stand in the way of its implementation. Therefore, we now decide to affirm the District Court.
 
 
 2
 There is no need for a complete recitation of the facts here. Judge Keith, in our earlier opinion gave a complete account of the factual background of this case. Nor is there any need to deal with the procedural challenges to the settlement agreement. We adhere to the conclusions expressed in the first opinion that adequate notice of the proposed settlement was given to the class members and that the procedures followed in redefining the class satisfied the requirements of Rule 23. We, therefore, incorporate the reasoning of our earlier opinion in this decision.
 
 
 3
 Our conclusion with regard to the substantive challenge to the settlement agreement differs from the opinion we originally expressed. Previously we were unconvinced that the settlement provided any significant benefit to any class members other than the named plaintiffs and their attorneys. We noted that
 
 
 4
 (u)nder the settlement, a class member has to make an "evidentiary showing that she is a member of the class as defined by the court ..." Since the district court finally redefined the class as "all females who since August 23, 1974 have been discriminated against by the defendant, The Kroger Company, on the basis of their sex ...," the class members have the burden of proving that they have been specifically discriminated against by the company. This is a greater burden than the claimants would have had to meet in order to litigate individual Title VII claims ....
 
 
 5
 649 F.2d at 1225. The Supreme Court in McDonnell Douglas v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), stated that a plaintiff in a Title VII case may make out a prima facie case of discrimination by showing: (1) that he is a minority; (2) that he applied and was qualified for employment; (3) that he was rejected; and (4) that the employer continued to seek applications after his rejection. Once the claimant makes out a prima facie case of discrimination the burden shifts to the employer to produce some legitimate, nondiscriminatory reason for the individual's rejection. 411 U.S. at 802, 93 S.Ct. at 1824. Our fear, expressed in our prior opinion, was that the settlement agreement required class members to carry a greater burden than they would have if they had brought an individual class action without the "benefit" of the settlement.
 
 
 6
 We are now satisfied that the settlement has the effect of creating a presumption of discrimination against the class members. The U.S. Magistrate, who is charged with the responsibility of adjudicating the individual claims of discrimination, stated in an order filed August 27, 1979, that:
 
 
 7
 The hearings concerning the individual claims before the Magistrate pursuant to the Settlement Agreement entered in this cause on June 8, 1978, shall be heard as though this were a stage two proceeding in a class action employment discrimination case in which there has been a stage one determination of a pattern and practice of sex discrimination; but subject to the provisions of the Settlement Agreement and General Release.
 
 
 8
 (italicized portion handwritten). We note that this order was also signed by counsel for the appellant intervenors and by counsel for Kroger. Attorneys for Kroger have assured this Court that they have not and will not contest the presumption that they have discriminated against the class. Moreover, this Court was informed in oral arguments that the hearings before the magistrate have been conducted as if at Stage II of a class action adjudication. With these understandings firmly in mind and because settlement of disputes is favored, we now affirm the decision of the District Court to adopt the settlement agreement.
 
 
 9
 Accordingly, the judgment of the District Court is affirmed.
 
 
 10
 MERRITT, Circuit Judge, dissenting in part.
 
 
 11
 I agree with the decision of this panel that the settlement agreement as it presently is being applied by the parties and the magistrate is a fair and reasonable one. I adhere, however, to the opinion, stated in my previous concurrence, that as a matter of due process the notice of the proposed settlement to the class members should have been personal notice by mail. In Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 318, 70 S.Ct. 652, 659, 94 L.Ed. 865 (1950), the Supreme Court stated that "(w)here the names and post office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency." And in Schroeder v. City of New York, 371 U.S. 208, 212-13, 83 S.Ct. 279, 282-83, 9 L.Ed.2d 255 (1962), the Supreme Court interpreted Mullane stating that "(t)he general rule that emerges from the Mullane case is that notice by publication is not enough with respect to a person whose name and address are known or very easily ascertainable and whose legally protected interests are directly affected by the proceedings in question." To require personal notice in this case is to do no more than apply the language of the Supreme Court. I, therefore, continue to dissent from part II of our first opinion in this case which has been incorporated by reference into this opinion.
 
 
 
 *
 The Honorable Ralph B. Guy, Jr., Judge, United States District Court for the Eastern District of Michigan, sitting by designation